UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |  |
|---|---|---|
| Sylvester Wilder, #296467, | ) | C/A No. 4:10-2368-RMG-TER |
|  | ) |  |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **Report and Recommendation** |
|  | ) |  |
| Warden, Lieber Correctional Institution, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

Petitioner, Sylvester Wilder (Petitioner/Wilder"), is currently incarcerated at Lieber Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 14, 2010. Respondent filed a motion for summary judgment on February 28, 2011, along with a return, supporting memorandum and exhibits. The undersigned issued an order filed March 1, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #34). After being granted several extensions, Petitioner filed a response on June 15, 2011.

It is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the Lieber Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Richland County conviction and sentence. The Richland County Grand Jury indicted Petitioner at the August 2002 term of court for first degree lynching (02-GS-40-3762). *See* App. 843. The Grand jury also indicted him at the July 2003 term of court for murder (03-GS-40-5488). *See* App. 846. Hemphill P. Pride, II, Esquire, represented him on these charges.

On September 15, 2003, he received a jury trial before the Honorable Reginald I. Lloyd. The jury found him guilty as charged. Judge Lloyd sentenced him to concurrent sentences of life without parole. App. 1-757; 842; 845.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Dudek represented him on appeal. On September 30, 2004, Mr. Dudek filed a Final *Anders*[2] Brief of Appellant on Petitioner's behalf and petitioned to be relieved as counsel. App. 760-73. The only issue presented for appellate review was stated as follows:

> Whether the judge erred by allowing witness Wanda Johnson to opine she "felt like appellant was going looking for" the decedent before his stepson shot the decedent, since Johnson was a lay witness and not entitled to give this highly prejudicial opinion testimony under Rules 701and 403, SCRE?

Final *Anders* Brief of Appellant, p. 3, App. 763.

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

Consistent with the procedures set forth in *Anders*, Petitioner filed a "Memorandum in Support of Initial *Anders* Brief," in response to the Initial *Anders* Brief of Appellant, on October 8, 2004. Petitioner asserted that:

> The Trial Court lacked Subject-Matter Jurisdiction on the indictments Because the indictments are flawed; And trial counsel was ineffective in failing to raise such flaw and in allowing Appellant to plead guilty to these indictments.

On April 6, 2005, the South Carolina Court of Appeals filed an unpublished opinion dismissing Petitioner's appeal and granting counsel's petition to be relived. *See State. v. Wilder*, 05-UP-235 (S.C. Ct. App., Apr. 6, 2005). App. 777-78. The Court denied his timely Petition for Rehearing on June 22, 2005 (App. 775-76), and it sent the Remittitur to the Richland County Clerk of Court on July 27, 2005. App. 774.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (06-CP-40-3873) on July 5, 2006. App. 779-801. He alleged the following grounds for relief in his Application:

1. I would contend that I received ineffective assistance of trial counsel, thus violating my rights under Art. IV § 2, and the 6th and 14th Amendments to the U.S. Constitution, and under Art. I § 3 and 14 of the S.C. Constitution. It is my proposition that trial counsel was inept and Constitutionally ineffective for failing to inform the court that it lacked subject matter jurisdiction to hear and adjudicate my case because my indictment failed to sufficiently state the offense.

2. I would further contend that [trial] counsel was inept and constitutionally ineffective for failing to object to the hands of one, hands of all jury instruction.

3. I would contend that I received ineffective assistance of Appellate court counsel, thus violating my rights under Art. IV § 2, and the 6th and 14th Amendments to the U.S. Constitution, and under Art. I §§ 3 and 14 to the S.C. Constitution. It is my proposition that my appellate court counsel was inept and Constitutionally ineffective for failing to raise the issue of the trial court denying my motion to sequester the witnesses at trial.

> 4. I would further contend that my appellate court counsel was inept and constitutionally ineffective for failing to raise the issue that the trial court lacked subject matter jurisdiction to hear and adjudicate this case at trial, do to the indictment failing to sufficiently state the offense.
>
> 5. I would further contend that appellate court counsel was inept, and constitutionally ineffective for failing to raise the issue of the direct verdict motion being denied on both charges in this case.
>
> 6. I would further contend that [appellate] counsel and constitutionally ineffective for failing to inform applicant that when if his appeal was denied, he could take this case to the U.S. Supreme Court.
>
> 7. I would further aver that [appellate] counsel was inept, and Constitutionally ineffective for failing to come visit me at prison to discuss my options on appeal.

App. 786-801. The State filed its Return on February 7, 2007. App. 802-07.

The Honorable G. Thomas Cooper held an evidentiary hearing into the matter on September 11, 2007 at the Richland County Courthouse. Petitioner was present at the hearing; and Charlie J. Johnson, Esquire, represented him. Assistant Attorney General Brian T. Petrano represented the State. Petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Pride. App. 808-33.

On October 17, 2007, Judge Cooper filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Petitioner's claims that trial counsel was ineffective. App. 835-841.

Petitioner timely served and filed a notice of appeal. Deputy Chief Appellate Defender Wanda H. Carter represented him in collateral appellate proceedings. On July 7, 2008, Ms. Carter filed a *Johnson* Petition for Writ of Certiorari on Petitioner's behalf and petitioned to be relieved as counsel. The only Question Presented in the *Johnson* Petition was stated as follows:

> Trial counsel erred in failing to fully explain to petitioner the charges

>  against him because apparently petitioner labored under the mistaken belief that he was absolved of culpability for the murder of the deceased via accomplice liability since his stepson was the shooter in the case.

*Johnson* Petition for Writ of Certiorari at p. 2.

Petitioner subsequently filed a "*Pro Se* Response to Petition," on August 18, 2008. He alleged the following four issues on appeal:

1. DID TRIAL COUNSEL ERR[] IN NOT OBJECTING TO THE STATE'S MISSATEMENT ON THE LAW?

2. DID THE COURT ERR[] IN ALLOWING AND RULING ON THE OBJECTIONS BY THE STATE DURING CLOSING ARGUMENT?

3. DID TRIAL COUNSEL FAIL TO OBJECT TO THE STATE CHARGING BOTH LYNCHING FIRST DEGREE AND MURDER, WHEN BOTH HAV[E] COMMON ELEMENTS?

4. DID THE TRIAL COURT ERR[] IN DISMISSING THE JURY AND PREVENT[ING] THE DEFENSE [FROM] REQUESTING A POLL OF THEIR VERDICT?

*Pro Se* Response to Petition, P. 2.

The South Carolina Supreme Court filed an Order denying certiorari and granting counsel's petition to be relieved on February 11, 2010. It sent the Remittitur to the Richland County Clerk of Court on March 1, 2010.

## II. GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim in part:

GROUND ONE:         Double jeopardy

SUPPORTING FACTS:   The record in this case dictates that counsel made a motion for a

> directed verdict, and the motion was denied. When the evidence at trial simply allows the jury to engage in speculation regarding the accused guilt, the trial Judge is required to grant the motion for a direct verdict. Moreover, a defendant is entitled to a directed verdict when the state fails to produce evidence of the offense charged. The police admitted they did not have any evidence that appellant knew Marcus had a gun. Most important, records show appellant was not the trigger man.

(Petition).

### III.  DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

>the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was convicted in September 2003, and filed and served a timely Notice of Appeal. The South Carolina Court of Appeals dismissed his appeal and denied his petition for rehearing. The Remittitur was sent to the Richland County Clerk of Court on July 27, 2005. Therefore, Petitioner's state court conviction was finalized by the conclusion of direct review on July 27, 2005, the date the South Carolina Court of Appeals issued the Remittitur.[4] See *Wise v. S.C. Dep't of Corrections*, 642 S.E.2d 551 (S.C. 2007). The one-year limitations period began running on this date, and Petitioner had until July 27, 2006, to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g., Brown v. Angelone*, 150 F.3d 370 (4th Cir.

---

[4] The Petitioner is not entitled to toll the ninety (90) days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. *See Reddock v. Ozmit*, 2010 WL 568870 at 3-6 (D.S.C. Feb. 11, 2010).

1998).

Petitioner filed a PCR application on July 5, 2006. Therefore, three hundred forty-three (343) days lapsed between the conviction becoming final and the time the PCR was filed. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. An evidentiary hearing was held on September 11, 2007, and an Order of Dismissal was filed on October 17, 2007, dismissing the PCR application. Petitioner appealed the PCR court's ruling. The South Carolina Supreme Court issued an order dismissing Certiorari and granting counsel's petition to be relieved as counsel on February 11, 2010. The Remittitur was issued on March 1, 2010. Petitioner filed this habeas petition on September 14, 2010, with a *Houston v. Lack, supra*, delivery date of September 8, 2010. However, even using the date of September 8, 2010, another one hundred ninety-one (191) days of non-tolled time expired. Therefore, there were at least five hundred thirty-four (534) days of non-tolled time since the Petitioner's one-year limitations period began to run. Hence, the instant petition is time barred and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In *Harris*, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

*Harris*, 209 F.3d at 327.

In his response in opposition to the motion for summary judgment, Petitioner did not address Respondent's argument with regard to the statute of limitations. The undersigned concludes there is no evidence that warrants equitable tolling. In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing

9

> on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Id.* at 246-247.

Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## IV.  CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #30) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 22, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**